Mr. David Laz, you may proceed. Good morning to all, Your Honors, and it's nice to have a heatwave for a change. Can you order if you can, Honor? I appreciate that. I would like to. Your Honors, the first question I'd like to bring up is the one of the issue of what your duties are. What is the duty of the judicial branch of the government? And the judicial branch of the government is, as we learned in high school civics, high school civics, to interpret the law. Not to create law and not to make law, but to interpret what was done. When you have the legislature, which creates a law that is clearly understandable, has an ordinary interpretation to its meaning. Now, you're getting to the substance of the dispute, am I correct? I'm moving toward it, yes. Okay, but also the law requires certain procedures. Jurisdiction has to be established, and the court is obligated to look at the jurisdiction of any case that's presented before it. If you have that obligation under the law, and there was a motion filed, and now there's an argument as to jurisdiction. I do not see, Judge. I am prepared to stand on the pleading regarding jurisdiction. I think jurisdiction is rather clear. Okay, if you could share with us why. Well, jurisdiction is clear, Judge, because this is, if you mean appellate jurisdiction. Yes. Because during the time that there were filings done, there was filings for motion for reconsideration. There was petition for religious cause, and it's a question of when was the first filing done? Now, the first filing was the motion to reconsider, and then the other two followed up. Now, the trial court is the one who decided. We are going to hear this first. I'm picking and deciding that the motion to reconsider should be heard first. However, when the trial court decides that, and by deciding the order of how things should be heard, it states that as long as the motion to reconsider, in other words, is filed first in time, then anything filed subsequent thereto is not negated by a decision on those issues. The motion to reconsider remains timely for as long as the court has said it, as the court has decided. It was not up to us when Judge McCluskey decided to say, okay, we're going to hear this, this one first. We're going to hear this. We're going to hear this. And then in the record, it shows that Judge McCluskey recognized and said, hold on a second. I'm recognizing that jurisdiction over here. I'm staying on the issue of jurisdiction. And wasn't that almost 50 days after he had ruled? His stay of jurisdiction? Yes. Well, yes, that was done 50 days after it was heard. But still, it was still the first in time manner to be filed. It's not as if we filed a motion. It's not as if we filed the petitions for rule and the petitions, other petition, and then filed the motion to reconsider. We filed the motion to reconsider first. And as long as that motion was filed first, and as long as it was there, and the court decided that it had the primacy of order, we're not about to tell the court how it's going to set up its decisions as to how to hear the motions. But that because of the way the court set it up and because of the fact that the court made a finding that there's going to be a stay on the motion to reconsider and its decision, I believe that the motion to reconsider was timely. I don't want to spend too much of my time. That's your position? That's your position. Yes. Well, then proceed. As to the other issue, Judge, I think that the courts do not – the question of standing versus capacity. We have raised before this court in our brief the issue of capacity and that capacity is not standing. And that when you do capacity, you have to – capacity does not get the prima facie favoritism or presumption. I shouldn't even read favoritism. Excuse the use of the word. Presumption that standing does. As stated in the Perry case, it is incumbent upon the plaintiff to prove its capacity. It's not – this is not where the defendant has to put up an affirmative defense. This is not where the plaintiff gets a prima facie, you have capacity. They have to prove capacity. And what we're saying when we're saying that the affixation, and this obviously goes right into the other thing as well, what's their capacity? The question I'm saying is that when you have the issue of the UCC and you have the plain language of the UCC, which says that it has to be physically affixed. Now, having done some research on these matters, Your Honor, I've noticed that there are some that said, okay, it has to be firmly. Some states file firmly affixed. Illinois decided to file physically affixed. But physically affixed, a court can't decide on its own that physically affixed is something different than two documents attached to each other and that they have to be together. Counsel, do you believe that this is a factual issue? I do believe it's a factual issue.  Obviously, you have my affidavit, my brother's affidavit, relating to the question of the separation of the documents. But I'm saying as far as the law goes, you can't take, you can't have, here, here's one piece of paper, here's the second piece of paper, and here's the second piece of paper, and here it's in the file, and here. Now, it's on top. Your second one's on the bottom, right? It's not attached by a staple. It's not attached even by taking the paper and folding it over. So there's some type of physical affixation. Now, we are saying that when we saw it, we found it in the condition that they were separate. Now, Ms. Mulcahy filed an affidavit saying otherwise. So what we are saying, Your Honor, on that particular point is at least, at the very least, there's a question of fact. There's a question of fact where the court would have to take evidence. Will the court believe and find me and my brother to be credible? Will the court find Ms. Mulcahy to be credible? But the big thing is physically affixed. Okay. The red light is on. You'll have time in reply. Okay. Thank you. Mr. Thomas Lance, you have seven and a half minutes in split time. Thank you, Justices. We seem to have fallen, I think, in mortgage foreclosure cases into a basic form. Counsel, yes? Did your client borrow money from the lender? Yes. Did your client get the use and benefit of the money from the lender? Yes. Did your client get the use and benefit of the money from the lender because he promised to pay it back? Yes. Has your client paid it back? No. Well, then you lose. That seems to be the procedure, and it seems to override the concept of having to follow the rules. As we know in basic civics class, for some of us it's been a long time ago, there's a legislative and executive and a judiciary, and they all have separate functions. In this instance, the Illinois legislature adopted the UCC, and it adopted the UCC with the concept that alleges and assignments have to be affixed to the document. And it's not up to this court or any other court to say, well, this is 2024, and it was 1950-something when they adopted that, so we don't think it applies anymore. In fact, Judge Wheaton in her ruling basically said, no, I don't think it has to be affixed anymore. You're here to interpret and follow the law. You're not a legislative body. If the legislature says it has to be attached, then it has to be attached. When we found the one particular case, that was when we wanted to see, is it attached? We asked for Ms. Mulcahy to bring in the note and the assignment so we could see it. We went in the back room at the back of the courtroom, and we looked, and Judge, as my affidavit says, there was a folder with the note. There was a folder with an allonge. They were separate. So what do we do? Do we say, well, they're in the same folders, and they're in the same file jacket. That's close enough to be affixed. They're in the same file cabinet. Is that close enough to be affixed? They're in the same office building. Is that close enough to be affixed? And I say the answer is no. We talk about the capacity to file. There's an oldie but goodie, which came out of the 2nd District, Deutsches Bank v. Gilbert, 2012, Elect 2nd, 120164. And what happened in that case was Deutsches Bank bought a bunch of mortgages, filed the foreclosures, and then after that, the assignments took place. So by the time the court proceedings were going on, the assignments and the allonges took place. And the Gilbert Court says, no, no, no, no, no, no, no, no, no. We have to look at your position, your relation to the case, as of the day you filed. And as of the day you filed with Deutsches Bank, you didn't own the paper. I know you got it a couple days later, but you didn't own it on the day you filed. And the appellate court dismissed Deutsches Bank's case because they had no standing to file. Allonges, as I said, allonges need to be attached, and they're for the protection of the purchaser. So that I can say, well, want to buy this? And you go, well, what's the deal? I'll give you a good deal on it, such a deal you'll never find. Well, I'd like to see the assignment so that I know that you own the note and you have the ability to sell it. That's why they have the affixed. Whether it's stamped on the back makes it real easy. If it's a separate one, then it has to be attached, whether it be by staples, whether it be by paperclip. But it's up to the seller to be able to show a potential buyer here. I have the right to transfer this document. That did not happen in this case. With all due respect, I suggest that this court is mandated to follow and accept the wording and language of UCC 5-3-204A as the legislature enacted it. You might think, as I said, well, it's 20th century. We've got digital this, digital that. But then I think it's up to the legislature to have to say affixed now means this, or you could pull it up on a separate page when you go digital. And I would stand on the balance of what we have said in our appellate brief, and I would yield the rest of my time. Okay. Questions from the bench? I have none. Very good. You'll have time in reply. Mr. Manetti, you may respond. Good morning, Your Honors. Good morning. May it please the Court? Would you respond to jurisdiction first before you go into the substance? Certainly, Your Honor. Okay. Regarding jurisdiction, it's well settled that successive post-judgment motions do not continue the trial court's jurisdiction, and they do not extend the time to appeal. In this case, the appellants filed motions, timely motions to reconsider against the order confirming sale, but then they also filed two additional successive post-judgment motions. These were filed more than 30 days after the trial court entered the order confirming sale, which is the last order in a foreclosure. When the court — so essentially, Your Honors, the motions to reconsider were ruled on in November of 2022. The remainder of the litigation for some three months dealt with the two successive post-judgment motions, the joinder and the petition for rule to show cause. In that litigation, the court on January 18th stated that the 304A language in the November order denying the timely motions to reconsider was stayed. It's a bit unclear whether or not it was effectively ruling that its jurisdiction would continue or that it would have the right to hear all those word overs, taking them all together. But even if that were the case, even if the trial court meant to decree in January of 2023 that it was staying — it was essentially preserving its own jurisdiction for the appellants to later file their notice of appeal, that would violate Illinois Supreme Court Rule 303. The Illinois Supreme Court was quite clear in the Mitchell v. Fiat-Allis case that attorneys are not excused from following the final requirements of Rule 303 merely because a judge has recommended a procedural route that's beyond his authority to travel. So keep in mind, Your Honors, in this case, the decision to file three separate post-judgment offerings — the timely motion to reconsider, the petition for rule to show cause, the motion for joinder — that was all in control of the appellants. They could have kept it at one post-judgment motion, but they didn't. Once they did that, they split what the circuit court needed to consider. Once the circuit court ruled on their timely motions to reconsider in November of 2022, it was a situation of the appellant's own making that the circuit court still had more to do, and the trial court had ruled on the one post-judgment motion directed at the judgment. When the other two motions were wrapped up in February of 2023 and they filed their notice of appeal, that was three months after their timely motions to reconsider had been ruled on. So that they chose to file these other post-judgment motions didn't extend the time to appeal, even if the circuit court meant, in its January order, staying in the effectiveness of 304A language from that denial. It couldn't extend the ability to appeal under Rule 303. And as it stands, they had one order from November denying their post-judgment motion to reconsider, and they had other orders from February denying their successive motions. This didn't extend the time to appeal, and it didn't continue the jurisdiction of the trial court, even if the trial court thought it did. So what happens to the motions? I'm sorry, your honor? What happens to those two motions under your theory? Under my theory, those motions, the, under my theory, those, the appellants of their own making at that point have created a situation where they have a choice. They can ride out those motions which are currently pending and wait until filing a notice of appeal, or they could file a notice of appeal upon the denial and within 30 days of the first post-judgment motion to reconsider. I throw in that because of the amendment to Rule 303, even if they did it as an abundance of caution, if they filed a notice of appeal and it was premature, it wouldn't, it wouldn't, it wouldn't torpedo their ability from that becoming effective later. So they create this issue by filing multiple successive post-judgment motions. Once the first one is ruled on, they have a choice. They can either file a notice of appeal right then or wait. They chose to wait. Or, and I would point this out because it speaks to, again, whether or not these separate motions continue the jurisdiction of the trial court. Those motions didn't ask the foreclosure orders to be vacated or reversed. So they were not directed against those orders as stated by Rule 303. So they could either take it as a purely collateral issue, take a notice of appeal and go from there and see how those collateral motions are decided, or they could wait. And again, they filed multiple successive post-judgment motions and they prosecuted those at their peril. But in any event, Your Honors, the timely motion to reconsider was ruled on. In November, the notice of appeal did not come until February of 2023. It was late and the jurisdiction of the court was not preserved. So I'd ask Your Honors to reconsider your stance on dismissing this appeal. Regarding Reverse Mortgage Solutions' ability to act as plaintiff in this case and to litigate the foreclosure, the case law is clear that the mere fact that a copy of the note is endorsed, is attached to the foreclosure complaint, is prima facie evidence that the plaintiff owns the note. This is from the Korsen case in 2013. And courts' decisions throughout this state have repeatedly held that producing the original note in court establishes the lender's ability to foreclose. This was the case with this court in the Roe case from 2015. It was the case in Scaniers in the First District from 2014 where the court stated, City mortgage possession of the original note, together with its assignment of mortgage, is prima facie proof that it is entitled to foreclose the note mortgage. And again in Cochroft, where the First District in 2018 stated that there was no issue about the plaintiff's right to the note because it attached the mortgage and note to the complaint and, quote, even produced the original note in open court, close quote. Here, the complaint followed the statutory form of the mortgage foreclosure law. It attached the mortgage, the note endorsed in blank, and the chain of assignments, which ended with an assignment to reverse mortgage solutions. Additionally, it proved its right to foreclose in this case, as the plaintiff, by producing the original note in court on June 3rd, 2019. As it pertains to the Laz's arguments on appeal, it's in the record, there's showing the record that Alanges were affixed to the note. In the affidavit from Reverse Mortgage Solutions Council that was provided in support of judgment, on June 3rd, 2019, they produced the original note and the Alanges were affixed to the note via a staple, and that the note with the Alanges affixed was kept in a single folder. The Laz's claims about the original note, they weren't consistent, and the trial court properly held that this did not create a genuine issue of material fact to prevent judgment. So it kind of helped my simple mind here. You're citing law that copy is sufficient if attached, correct? As a prime official matter, yes, Your Honor. Okay. Is attached. So are we here to decide what attachment means? I should specify. There's a litany of case law saying that if you attach as exhibits to the mortgage foreclosure complaint, a copy of the note, it's prima facie evidence that the plaintiff owns the note. That's from Korsen in 2013 out of the First District. It has a lengthy discussion about... Okay, so copies would be sufficient if attached to the complaint? As a pleading matter, yes, Your Honor. Yes, as a pleading matter. So those are two separate branches of cases. But you're still required beyond pleading when you get into court to establish your right, you have to produce the original, correct? No. Again, I believe this is straight from Korsen. It has never been a requirement in the IMFL that you need to produce the original note to prevail in a foreclosure. So those are two kind of different branches for types of proof. You have proof of, as a pleading matter, where what do you show when you attach copies of the mortgage and note to the complaint? Again, as I cited those cases which are more recent, Roe, Scogner's, Cocroft, you have cases talking about what happens when the plaintiff produces the original note in court, which is a different kind of proof, which certainly those cases held is sufficient to show that the plaintiff can proceed in the foreclosure as the person entitled to enforce the instrument. Proceed and prevail are two different terms, obviously. So what do you make of the factual issue that is trying to be raised by the appellant or the fact that they have an affidavit that says it wasn't attached and you have an affidavit that says that it was? Ultimately, it wouldn't be a factual issue, certainly not to prevent summary judgment, Your Honor. Even if you get past the prima facie showing with the note endorsed in blank to the complaint, the production of the original note, here's what that means ultimately. It can't be a factual issue because even if the lasses are correct and the allonges should be disregarded. And again, they're not claiming the original note wasn't produced. They've stated multiple times in their briefs here today it was produced. They're not even saying the allonges weren't there. At bottom, they're saying everything was there, but it wasn't stapled together. We disagree with that. We dispute that. But even that, even if they were correct, you have the note, and for some reason the allonges should not be legally considered, reverse mortgage solutions would still have rights under the Uniform Commercial Code to enforce the instrument. Under Article 3 of the Uniform Commercial Code, 3203B states that the transfer of an instrument, even if it's not a negotiation, vests in the transferee any rights of the transferor, including any rights as a holder in due course. So under the concept of being a nonholder in possession of the instrument, it's possession that's key. And you have those rights as your predecessor under the UCC. So, again, the lesses admit that the original note was produced. And as I cited the Lopez case, that's exactly what happened there. They get into a discussion about the note was endorsed to the Housing and Urban Development. It was endorsed to HUD at one point. And the court said even if that were the case, they produced the original note, and they would enjoy the rights as a person entitled to enforce the instrument because they have possession under the UCC. So even without the allonges at bottom, reverse mortgage solutions would, at worst, be a nonholder in possession with the rights of a holder and would have the ability to enforce the instrument under the UCC. As it becomes bearer paper, you're saying? Bearer paper technically refers to the presence of a blank endorsement. So to the extent that they're claiming you can't pay attention to that, then it wouldn't fall. It wouldn't be a negotiation. It would be the transfer which gives rights of the predecessor in interest under Section 203B. So they'd be a nonholder in possession. Regarding the Gilbert case, Your Honor, I believe they cited the Gilbert case. It has since been modified. The facts were different. The note was unendorsed, and the assignment was after the filing of the foreclosure. That's not the case here. We have both an endorsement and a predating assignment that was attached to the complaint. And ultimately, the Perry case that the appellants want to rely on. In Perry, to the extent that it is setting aside the distinction, potential distinction between capacity and standing, the court in Perry, this court held that the plaintiff could proceed because it showed it had the capacity to foreclose. It attached the assignment of mortgage and a copy of the note endorsed in blank and the affidavit of indebtedness showing its familiarity with the loan. It's the same here. There's the note endorsed in blank, the assignment chain, which was attached to the complaint, and the affidavit in support of judgment showing its familiarity with the loan. So to the extent that the appellants want to invoke Perry to try and reverse the orders, the outcome should be the same. The plaintiff prevailed in Perry as a matter of standing, as a matter of standing or capacity, whatever it's called. They had the right to foreclose. Unless your honors have any further questions for those reasons, I'd ask that the orders of the circuit court be affirmed. Thank you. Thank you, counsel. I'm not certain. Are you splitting your time in reply? No, I was going to take all five minutes. You are? Yes. Okay. Mr. David Lask, you may proceed. Thank you. In regard to the plaintiff's argument about being a nonholder in possession, we come back again to the problem of the issue of is a nonholder in possession given a prima facie presumption? And this is, again, one of those situations where a nonholder is not given the prima facie. As a matter of fact, in the case that we cited in our brief, it says that he is not entitled as a nonholder to the prima facie and that the instrument that they must prove, they must prove the transfer. They must bring to the court and say, here's the evidence by affidavit, by testimony that shows that we got this from the previous holder. And we have it now. So some evidence has to be presented. They're not given a presumption when it comes to nonholders in possession. Specifically speaking, and it states, if I just may make this one statement, and the transferee must account for possession of the unendorsed instrument by proving the transaction for which the transferee acquired it. That's what nonholder deals with. And there is no evidence in this case to show that they ever did that. I would like to get back to the issue of the question of capacity. Again, I think that there has been too much of, even though it's been stated, of an overlap of standing and capacity. The Perry case stands for the idea, for the concept, the issue, that you don't get the prima facie case presumption. You have to prove your capacity. In this particular case, the capacity is that they are the holder of the note and your launch, and that your launch is attached. What happens? Then where do we move? Okay, you've got the note, you've got your launch. Now, what do we have to do with those two? We have to have them physically affixed. In this particular case, like I said, we claim they were never physically affixed. A previous counsel claims they were physically affixed. So, at the very least, it depends on the credibility of who the court is going to believe, or it's going to be a question of, hold on, this is a question of fact. Mr. Mulcahy is saying one thing, the brothers Laz, as opposed to the brothers Karamazov, the brothers Laz is saying otherwise. And back to the issue, if I may, Your Honor, in regards to, let me get to this over here, in regards to the issue of the question of jurisdiction, is that if you file a notice of appeal within 30 days of ruling, it just says ruling on the last post-judgment motions that were filed. Now, the last post-judgment motions that were filed in this case, the most critical part is that it did not affect the timing of the appeal. We are required to file the notice of appeal within 30 days of final judgment, or if a timely post-trial motion directed against the final judgment is filed within 30 days after disposing. It is our contention that those other two post-judgment motions that were filed did not basically delay it. And even the court itself put itself into position, and I think we have to hold the court, the court held us, the court kind of tied our hands. The court said, I want to hear this first. Counsel, what prevented you from appealing that decision? With your other two motions still. What prevented you from appealing that decision, even though your other two motions were still? Because I am stating and arguing that those post-judge, we didn't have to bring up the post-judgment motion or file a notice of appeal until those judgments were dealt with. And that the court's order staying the enforcement and finding that it's not a final order. But you couldn't? Could have, but didn't have to. That is our position. And as for all the other matters, Your Honor, we stand adjourned. Well, no questions. Okay. Thank you, Counsel, both, all, for your arguments in this matter this morning. It will be taken under advisement and a written disposition shall issue.